# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**ROBERT SLUCARSZYK, JR.,**

    **Movant,**

v.                                                 **Case No. 3:15-cv-13342**
                                                      **Case No. 3:03-cr-00102-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant, Robert Slucarszyk's (hereinafter "Defendant") Motion to Vacate, Set Aside or Correct Sentence (ECF No. 74) and his Motion for Partial Summary Judgment (ECF No. 88). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On September 29, 2003, pursuant to a written plea agreement, Defendant pled guilty in this United States District Court to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which carried a maximum sentence of ten years in prison. However, at sentencing, which occurred on December 18, 2003, this Court found that Defendant had committed three prior felony offenses categorized as "violent felonies" under 18 U.S.C. § 924(e)(2)(B) (the "Armed Career Criminal Act" or

"ACCA").[1] As specified in the Indictment, Defendant was previously convicted of the following felony offenses:

- a 1983 aggravated burglary in violation of Ohio Rev. Code § 2911.11
- a 1984 aggravated burglary in violation of Ohio Rev. Code § 2911.11
- a 1984 aggravated burglary in violation of Ohio Rev. Code § 2911.11
- a 1993 robbery in violation of Ohio Rev. Code § 2911.02

(ECF No. 90 at 2). As a result of these prior convictions, Defendant was classified as an armed career criminal, and was subject to a mandatory minimum sentence of fifteen years (or 180 months) of imprisonment, pursuant to 18 U.S.C. § 924(e)(1). Defendant was sentenced to serve 200 months in prison, followed by a three-year term of supervised release. (Judgment, ECF No. 49). Defendant did not object to the sentencing calculation or his armed career criminal designation at sentencing, and his Judgment was affirmed on appeal. *United States v. Slucarszyk*, No. 04-4063 (4th Cir. Aug. 1, 2005) (unpublished). Defendant did not seek a writ of certiorari and did not file a section 2255 motion within one year of his judgment becoming final.

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015) ("*Johnson*"), holding that the residual clause of the ACCA is

---

[1] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable ... by imprisonment for a term exceeding one year ... that

  (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

  (ii)  is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause (The undersigned will refer to it herein as the "force clause.") Subsection (ii) contains four enumerated offenses (the "enumerated offense clause"), followed by what is known as the "residual clause."

2

unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. As noted by the United States herein, the Supreme Court specifically excluded the remainder of the ACCA from its holding in *Johnson*. The Court stated, "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. Thus, a prior conviction may still qualify as a violent felony if it meets the criteria of the element of force clause contained in section 924(e)(2)(B)(i) or the enumerated offenses of burglary, arson, extortion or crimes involving explosives under section 924(e)(2)(B)(ii).

On September 21, 2015, Defendant, acting *pro se*, filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 74). The form motion contains four grounds for relief. Grounds One, Two and Four raise due process challenges to Defendant's enhanced sentence under the ACCA after *Johnson* and assert that, absent the residual clause, his predicate Ohio offenses do not satisfy the other clauses of the ACCA in order to be considered violent felonies. (*Id.* at 4-5, 8-10). Ground Three of the motion appears to assert that Defendant was coerced to plead guilty due to a threat of exposure to a much higher sentencing range if he proceeded to trial. (*Id.* at 6-7).

On December 21, 2015, the United States (hereinafter "the Government") filed a response to Defendant's section 2255 motion asserting various reasons that Defendant's motion should be denied, including arguments that the motion is untimely and

3

procedurally barred. (ECF No. 82). On February 22, 2016, Defendant filed a *pro se* reply brief. (ECF No. 83).[2]

However, on April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

On June 8, 2016, the Office of the Federal Public Defender was appointed to represent Defendant. (ECF No. 85). On August 11, 2016, Defendant, by counsel, filed the pending Motion for Partial Summary Judgment (ECF No. 87) and a Memorandum of Law in support thereof (ECF No. 88). Defendant's motion documents again assert that, after *Johnson*, his predicate offenses no longer qualify as "violent felonies" under the ACCA, and that his sentence is unconstitutional. (ECF No. 88 at 4-5). Specifically, the motion asserts that Defendant's aggravated burglary convictions are broader than the generic offense of burglary enumerated in the ACCA, and that his robbery conviction does not satisfy the ACCA's force clause. (*Id.* at 5-12). Relying on the Government's initial response, Defendant's motion for partial summary judgment asserts that there are no contested legal issues.

---

2  The Government's initial response mistakenly addressed Defendant's *Johnson* claim as though Defendant was sentenced as a career offender under the United States Sentencing Guidelines. However, in light of the decision in *Welch* and the subsequent briefing in this matter, which addresses the updated status of the applicable law, the undersigned finds it unnecessary to further address the substance of these briefs.

4

On January 30, 2017, the Government filed a Motion for Permission to File Amended Response (ECF No. 89) and an Amended Response to Defendant's section 2255 motion (ECF No. 90). By separate Order, the undersigned has granted the Government's Motion for Permission to File and accepted the Amended Response as the document upon which the court will rely in addressing the Government's position in this matter.

The Amended Response first asserts that, "as the moving party in a civil collateral attack, [Defendant] bears the burden of proving that his sentence was unlawful." (ECF No. 90 at 5). The Amended Response further contends that "If the prisoner fails to show that his sentence is unlawful on one of the specified grounds [of 28 U.S.C. § 2255], 'the court must deny the petition.'" *United States v. Pettiford*, 612 F.3d 270, 277-78 (4th Cir. 2010), *citing United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007). (*Id.*) Relying upon authority from the Seventh Circuit, the Government's response further asserts that, unless it is clear from the record that the District Court specifically found Defendant's prior crimes to be "violent felonies" under the residual clause, his convictions remain unaffected by *Johnson* and his section 2255 motion must be denied. *See Stanley v. United States*, No. 15-3728, 2016 WL 3514185, at 3 (7th Cir. June 27, 2016. (*Id.* at 6-7). The Government's Amended Response further asserts that Defendant's three aggravated burglary convictions still qualify as violent felonies under the enumerated offense clause of the ACCA, and thus, Defendant is still an armed career criminal and his sentence should remain undisturbed.[3] Accordingly, the Government argues that Defendant's

---

[3] Because the Government argues that all three of Defendant's aggravated burglary convictions qualify as ACCA predicate offenses, it does not address Defendant's robbery conviction. Rightfully so, because, if the aggravated burglary convictions satisfy the enumerated offense clause, then Defendant still qualifies as an armed career criminal. If the aggravated burglary offenses do not satisfy the enumerated offense clause, then Defendant will not qualify as an armed career criminal, notwithstanding his robbery conviction.

5

section 2255 motion and Motion for Partial Summary Judgment should be denied. (*Id.* at 7-13).

On February 1, 2017, Defendant, by counsel, filed a Reply (ECF No. 91), reiterating Defendant's assertion that Defendant's aggravated burglary convictions do not satisfy the enumerated offense clause of the ACCA because that crime, as defined by Ohio law, is broader than the generic definition of burglary used to constitute the enumerated offense of burglary under the ACCA. *See Taylor v. United States*, 495 U.S. 575 (1990).

## DISCUSSION

### A. As a threshold matter, the record need not conclusively prove that the District Court relied upon the residual clause in finding the predicate offenses to be "violent felonies."

In light of the retroactive decision in *Johnson*, the residual clause can no longer be used to qualify a prior crime as a "violent felony." Furthermore, in light of the Fourth Circuit's decision in *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017), the court is not persuaded by the Government's assertion that Defendant must prove that the sentencing court relied upon the residual clause in determining that his prior convictions were violent felonies in order to obtain relief under *Johnson.*

In *Winston*, the Fourth Circuit held that:

> [W]hen an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in *Johnson []*, the inmate has shown that he "relies on" a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A). This is true regardless of any non-essential conclusions a court may or may not have articulated on the record in determining the defendant's sentence. *Chance*, 831 F.3d at 1340.

*Id.* at 682.

Thus, the undersigned proposes that the presiding District Judge **FIND** that Defendant's section 2255 motion is reviewable by this court, and that the proper inquiry is to determine whether his prior convictions can be considered violent felonies under either of the remaining clauses of the ACCA.

### B. Defendant's aggravated burglary convictions are not violent felonies under the ACCA.

The crime of aggravated burglary is defined in Ohio Revised Code § 2911.11. When all three of Defendant's aggravated burglary offenses occurred, the operative text of Ohio Revised Code § 2911.11 stated in pertinent part:

(A) No person by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit therein, any theft offense . . . , or any felony, when any of the following apply:

   (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

   (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

   (3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.

Ohio Rev. Code § 2911.11.[4] The parties agree that all three of Defendant's convictions were under subsection (A)(3) of the statute.

---

[4] As noted in the Government's Amended Response, this version of the statute was in effect from July 1, 1983 through June 30, 1996. (ECF No. 90 at 9 n.2).

7

A review of prior case law interpreting Ohio's aggravated burglary statute for purposes of the ACCA indicates that the offense qualified as an ACCA predicate offense under the residual clause. *See United States v. Coleman*, 655 F.3d 480, 481-84 (6th Cir. 2011); *United States v. Fowler*, 457 F. App'x 533 (6th Cir. 2012); *United States v. Leasure*, No. 5:15-cv-02000-DAP, 2015 WL 7776563, *2 (N.D. Ohio Dec. 2, 2015) (at the time of sentencing and prior to *Johnson*, the Sixth Circuit held that O.R.C. § 2911.11 qualified as an ACCA predicate solely under the residual clause). Thus, Defendant correctly asserts that, "in the wake of *Johnson*, that holding can no longer stand." (ECF No. 88 at 6-7). Defendant further argues that the "aggravated" nature of Defendant's burglaries do not bring them within the ambit of the force clause of the ACCA. (*Id.* at 7). The Government does not appear to contest that assertion.[5] Therefore, the only remaining issue is whether the aggravated burglaries satisfy the enumerated offense clause of the ACCA.

Defendant contends that "Ohio burglary convictions, including those for aggravated burglary, fall into that category of offenses that are broader than the generic definition of burglary and, therefore, no longer qualify as violent felonies under the ACCA." (*Id.* at 7). Defendant's memorandum discusses the Sixth Circuit's decision in *Coleman* stating:

> Like Slucarszyk's aggravated burglary convictions[,] [Coleman's] offense involved "trespass in an occupied structure . . . with purpose to commit . . . any criminal offense." *Ibid.* The Sixth Circuit concluded that because Ohio law define "occupied structure" to include places beyond those

---

5  Because the Government does not appear to be contesting Defendant's assertion that aggravated burglary is not a violent felony under the force clause of the ACCA, the undersigned finds it unnecessary to further address that issue.

8

> enumerated in *Taylor*'s generic definition, it "sweeps more broadly than the generic burglary." *Coleman*, 655 F.3d at 482.

(*Id.* at 6). Defendant asserts that, because Ohio's definition of an "occupied structure" includes outbuildings, watercraft, aircraft, and other vehicles, that element is broader than the generic element of "building or other structure" contemplated in *Taylor v. United States*, 495 U.S. 575 (1990). Defendant's position is supported by the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) (finding that Iowa's burglary statute defines burglary more broadly than the definition in *Taylor*).

The Government's Amended Response, however, asserts that subsection (A)(3) of the Ohio aggravated burglary statute "narrowed the scope of the element of 'occupied structure' to include only the permanent or temporary habitation of a person." (ECF No. 90 at 9). Consequently, the Government contends that convictions under subsection (A)(3) satisfy the generic burglary definition and, thus, qualify as enumerated burglary offenses under the ACCA. (*Id.* at 9-12). The Government further correctly notes tha,t neither the Supreme Court, nor the Fourth Circuit, has directly considered the Ohio aggravated burglary statute under which Defendant was convicted in the context of the ACCA.[6]

Relying on *United States v. Miller*, No. 1:07-cr-451, 2016 WL 3952115 (July 22, 2016), the Government asserts that a conviction under subsection (A)(3) of Ohio Rev. Code § 2911.11 satisfies the enumerated offense of burglary because of its specific

---

6 The Government also correctly notes that the defendants in *Coleman* and other decisions relied upon by Defendant were convicted of aggravated burglary under a different statute, Ohio Rev. Code § 2911.12, which is worded differently from the version of section 2911.11(A)(3) under which Defendant was convicted. Consequently, the Government asserts that Defendant's convictions are distinguishable from those other cases.

9

reference to the structure being a habitation of a person <u>and</u> that the person is present or likely to be present at the time. In *Miller*, which involved a 1983 Ohio aggravated burglary conviction under the same statute as Defendant's convictions, the court specifically distinguished that element of Ohio's aggravated burglary from its general burglary offense as follows:

> Miller argues that because "occupied structure includes places such as tents or vehicles, Ohio's aggravated burglary charge is broader than generic burglary. The Sixth Circuit has found that Miller's argument holds water where the "occupied structure" definition is used in Ohio's *general* burglary statute without reference to habitation or the likelihood of a person being in the structure. [Footnote omitted].
>
> But Ohio's *aggravated* burglary conviction requires that the occupied structure is the "permanent or temporary habitation of any person, in which at the time any person is present or likely to be present." [Footnote omitted]. The Government argues that with the addition of these habitation elements, aggravated burglary falls within the generic definition of burglary. This Court agrees. The Supreme Court's efforts to provide a broader generic definition — even if couched in the language of "buildings and other structures" — still include these core burglaries of occupied locations.
>
> Miller submitted supplemental briefing, arguing that the Supreme Court's recent decision in *Mathis* alters the analysis of Ohio's aggravated burglary statute. The briefing argues that because "habitation" is not defined in Ohio's penal code, using the term in the aggravated burglary definition "does not narrow the overly broad definition of occupied structure." [Footnote omitted]. For example, the briefing continues, "a person may use a watercraft or a tent as a temporary habitation — satisfying the element of Ohio Rev. Code § 2911.11(A)(3) . . . . However, under those circumstances, the conviction could not qualify as a generic burglary because the place being burgled is not a building or a structure." [Footnote omitted].
>
> This argument misses the point. Based on *Taylor*'s description of traditional burglary, the location's use as a temporary or permanent habitation where a person is likely to be present brings a burglary into the generic definition, regardless of the structure being burglarized.
>
> It is correct that the aggravated burglary statute's habitation language tracks the language found in subsection (B) and (D) of the "occupied

10

> structure" definition. As a result, some might argue that the Sixth Circuit has already concluded that habitation or the presence of the person does not make "occupied structure" narrower than generic burglary.
>
> But Subsection (A)(3) aggravated burglary requires that the location be the "permanent or temporary habitation of any person" *and* that "at the time any person is present or likely to be present." [Footnote omitted]. The Ohio Supreme Court has held that this conjunctive requirement is a separate element from the disjunctive descriptions in subsection (B) and (D) of the occupied structure definition. [Footnote omitted]. In other words, because the location must be a habitation *and* a person must be likely to be present, there is a distinct element that separates aggravated burglary from non-aggravated burglary. As a result, the Sixth Circuit's holding that "occupied structure" makes non-aggravated burglary broader than generic burglary does not dictate the holding in this case.
>
> Burglary of any location that is "the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present" fits within the Supreme Court's definition of generic burglary. Miller's seven convictions under Section (A)(3) of the 1983 aggravated burglary statute are properly classified as predicate offenses under the ACCA.

2016 WL 3952115 at 5-6. Since *Johnson,* several other Ohio federal courts have considered whether Ohio's aggravated burglary statute satisfies the enumerated offense clause of the ACCA, and, similar to the court in *Miller,* found that Ohio Rev. Code § 2911.11(A)(3) satisfies that clause. *See United States v. Larch*, No. 1:07CR487, 2017 WL 2573236 (N.D. Ohio June 14, 2017); *United States v. Smith*, No. 1:07CR364, 2017 WL 1370944 (N.D. Ohio Apr. 17, 2017); *United States v. Barclay*, No. 5:13CR3, 2016 WL 3753088, at *1 (N.D. Ohio July 11, 2016), *reconsideration denied*, 2016 WL 4491725 (N.D. Ohio Aug 26, 2016).

For example, in *Smith*, a district court in the Northern District of Ohio considered whether 1985 and 1986 aggravated burglary offenses under Ohio Rev. Code § 2911.11(A)(3) satisfied the enumerated offense clause of the ACCA. Similar to the

11

versions of the statute being considered herein, when Smith was convicted, section 2911.11(A)(3) defined aggravated burglary as "trespass entry (by force, stealth, or deception) into an occupied structure . . . with purpose to commit therein any theft offense or any felony . . . when the occupied structure involved the permanent or temporary habitation of any person, in which any person is present or likely to be present." 2017 WL 1370944 at 2. Although Ohio's general burglary statute had been determined to be broader than the generic burglary definition found in *Taylor*, 495 U.S. at 598, which is used to determine the enumerated offense of burglary under the ACCA (*see United States v. Lane,* 909 F.2d 895, 902 (6th Cir. 1990)), the *Smith* court determined that Ohio's aggravated burglary elements are more narrowly defined than those in *Taylor*. Thus, the *Smith* court determined that Ohio Rev. Code § 2911.11(A)(3) is a violent felony under the enumerated offense clause.

Defendant's Reply, however, relies upon the Fourth Circuit's decision in *United States v. White*, 836 F.3d 437 (4th Cir. 2016), in which the Court addressed whether a West Virginia burglary constituted a violent felony under the ACCA. The Court held that, because the statute included self-propelled motor homes in its definition of "dwelling," the statute was broader than generic burglary and did not constitute the enumerated offense of burglary under the ACCA. *Id.* at 446. Defendant's Reply states:

> Like the Ohio one, [the West Virginia statute] uses a broad term that, at first glance, appears to fall within the building or structure requirement of *Taylor* – "dwelling house." *White,* 836 F.3d at 445. However, like the Ohio definition of occupied structure, the West Virginia definition of dwelling house "encompasses conduct that is excluded from the definition of generic burglary." *Id.* In order to avoid the conclusion that West Virginia burglary was not, therefore, a violent felony, the "government nonetheless argues that the term dwelling house 'substantially corresponds' with generic burglary's building or structure element because the term

12

>  refers to enclosures used as residences." *Id.* The court rejected that argument, relying on *United States v. Henriquez*, 757 F.3d 144 (4th Cir. 2014), in which it had held that a similar Maryland statute, which covered recreational vehicles, did not qualify as generic burglary.

(ECF No. 91 at 8). In *Henriquez*, the Fourth Circuit specifically found that, despite the fact that the Maryland first degree burglary statute defined the term "dwelling of another" to mean "a place where a person resides and sleeps," because the statute "easily could cover" other enclosures that the "United States Supreme Court has clearly excluded . . . from the definition of generic burglary," the statute was broader than the generic definition that would satisfy the ACCA enumerated offense. 757 F.3d 144, 148-50 (4th Cir. 2014). Thus, Defendant contends that Ohio's broad definition of 'occupied structure" prohibits consideration of an Ohio aggravated burglary conviction, even under subsection (A)(3), from being an enumerated offense under the ACCA.

While the recent Ohio federal court decisions cited above are instructive on the Ohio federal courts' interpretation of the Ohio aggravated burglary statute, which is arguably influential, the undersigned is constrained by the Supreme Court's decision in *Mathis* and the Fourth Circuit's decisions in *White* and *Henriquez* to find that the Ohio aggravated burglary definition is broader than the generic definition contained in *Taylor*. Specifically, as addressed in those cases, because Ohio's definition of an "occupied structure" includes places beyond those enumerated in *Taylor*, notwithstanding the narrowed elements of subsection (A)(3) requiring that the occupied structure be a habitation where a person is present or likely to be present at that time, it is overly broad and cannot be considered an enumerated burglary offense under the ACCA. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that

13

Defendant's three aggravated burglary convictions under Ohio Rev. Code § 2911.11(A)(3) do not satisfy the enumerated offense of burglary under the ACCA.

### C. Defendant is entitled to relief under section 2255.

Upon review of the record in light of *Johnson* and *Welch*, the undersigned proposes that the presiding District Judge **FIND** that Defendant's aggravated burglary convictions under Ohio law no longer qualify as "violent felonies" under section 924(e)(2) and, thus, he does not meet the criteria to be an armed career criminal. As a result, Defendant's current sentence is "in excess of the maximum authorized by law" and "was imposed in violation of the Constitution or laws of the United States." Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant is entitled to relief under 28 U.S.C. § 2255 concerning his sentence.

To the extent, however, that Defendant's claim in Ground Three of his section 2255 motion can be distinguished as a separate claim concerning a coerced or involuntary guilty plea, such claim is untimely and procedurally barred because Defendant did not address it in his appeal or in a section 2255 motion filed within one year of when his judgment became final. *See* 28 U.S.C. § 2255(f)(1). Thus, there is no valid basis for review or relief under section 2255 concerning Defendant's guilty plea and conviction.

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 74), and his Motion for Partial Summary Judgment (ECF No. 88), and vacate and set aside Defendant's judgment. In accordance with 28 U.S.C. § 2255(b), the


District Court may then discharge Defendant, resentence him, or correct his sentence as may appear appropriate.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

July 13, 2018

Dwane L. Tinsley
United States Magistrate Judge