UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

ROBERT SLUCARSZYK, JR.,

      Movant,

v.                                               CIVIL NO. 3:15-cv-13342
                                               CRIMINAL NO. 3:03-cr-00102-1

UNITED STATES OF AMERICA

      Respondent.

**MEMORANDUM OPINION AND ORDER**

On September 21, 2015, Movant Robert Slucarszyk, Jr. filed a pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 74. By Standing Order, the motion was assigned to a Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 78.[1] On May 6, 2016, Movant was appointed counsel to assist him in pursuing a claim that he qualifies for habeas relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2] ECF No. 84. On July 13, 2018, the Magistrate Judge issued the Proposed

---

[1]This case originally was assigned to the Honorable Cheryl A. Eifert, Magistrate Judge, and then reassigned to the Honorable Dwane L. Tinsley, Magistrate Judge.

[2]In *Johnson*, the United States Supreme Court explained that:

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "*involves conduct that presents a serious potential risk of physical injury to another.*"

135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). The italicized section of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at

Findings and Recommendation (PF&R), concluding that Movant is entitled to relief under § 2255. *PF&R*, at 14, ECF No. 99. The United States' timely objected to this finding. ECF No. 100.

The Court conducts a de novo review of those portions of the Magistrate Judge's report to which a party objects. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). For the following reasons, the Court **DENIES** the United States' objection and **ORDERS** Movant released from custody of the Bureau of Prisons.

In 2003, Movant pled guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), which carried a maximum of 10 years imprisonment. At sentencing, however, the Court found Movant qualified as an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA), because he had at least three prior "violent felony" convictions, as he had been convicted in Ohio of three aggravated burglaries and one robbery conviction. As a result, the statutory range increased from

---

2556. The *Johnson* Court held this language is "unconstitutionally vague" and "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2557 & 2563. Thereafter, in *Welch v. United States,* 136 S. Ct. 1257 (2016), the Supreme Court declared that its decision in *Johnson* announced a new substantive rule that should be applied retroactively to cases on collateral review. 136 S. Ct. at 1268.

a maximum of 10 years to at least 15 years up to life imprisonment. 18 U.S.C. § 924(e)(1).[3] In the end, the Court sentenced Movant to 220 months imprisonment and 3 years of supervised release.

In its Objections, the United States' concedes that Movant's prior convictions for aggravated burglary under Ohio Rev. Code § 2911.11(A)(3) no longer qualify as violent felonies under the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (holding that under Tennessee law aggravated burglary does not qualify as a violent felony under the ACCA). Although the United States maintains *Stitt* was wrongly decided, and that decision currently is on appeal to the United States Supreme Court, the United States expressed that it does not object to Movant's release from prison so that he begin serving his term of supervised release.

Accordingly, in light of *Stitt* and the United States' representations, the Court **DENIES** the United States' Objections, **ACCEPTS AND INCORPORATES** herein the Proposed Findings and Recommendation finding Movant is entitled to relief under § 2255, and **DIRECTS** Movant be released from prison.

Upon release from prison, Movant shall be placed on supervised release for a term of 36 months. Within 72 hours of release from custody, Movant shall report in person to the

---

[3]This section provides, in part: "In the case of a person who violates section 922(g) . . . and has three previous convictions by any court referred to in section 922(g)(1) . . . for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1), in part.

United States Probation Office in the district to which Movant is released. While on supervised release, Movant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. Movant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Movant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Tinsley, to counsel and Movant, the United States Attorney's Office, the United States Probation Office, the United States Marshals Service, and the Federal Bureau of Prisons.

ENTER:        August 24, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

4